UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FRANK L. SNIDER, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:10-CV-100 (CEJ) |
| ) | |
| CITY OF CAPE GIRARDEAU, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for a preliminary injunction. Defendants have filed a response in opposition to the motion and the issues are fully briefed.

I.  **Background**

Plaintiff Frank L. Snider, III, resides in Cape Girardeau, Missouri. On October 20, 2009, while in his front yard, he attempted to set fire to a United States flag. When his efforts failed, he shredded the flag with a knife and threw it on the ground. A neighbor observing plaintiff's conduct called the police. Defendant Matthew Peters, a Cape Girardeau police officer, responded to the call. According to the incident report that he completed, Peters saw the flag in the road in front of plaintiff's residence. When Peters asked plaintiff "why he would do such a thing," plaintiff reportedly replied that "he hated the United States because it was the country's fault that he could not find a job."

Following his encounter with plaintiff, Peters applied for issuance of an arrest warrant for the offense of desecration of the United States flag.[1] On October 23, 2009,

---

[1]The State of Missouri and the City of Cape Girardeau both have laws banning desecration of flags. See Mo. Rev. Stat. § 578.095, and Cape Girardeau, Mo. Code §

the Circuit Court of Cape Girardeau County issued an arrest warrant charging plaintiff with the Class A misdemeanor of flag desecration, in violation of Mo. Rev. Stat. § 578.095. Peters arrested plaintiff the same day. Plaintiff alleges that defendant City of Cape Girardeau issued a press release announcing his arrest for desecrating a flag. He was not prosecuted, however, and the pending charges were dismissed. See Rudi Keller, Cape Girardeau Man Released After Arrest for Flag Desecration, Southeast Missourian, Oct. 25, 2009 (Pl. Memo in Supp. of Motion for Prelim. Inj., Ex E.) [Doc. #25-5].

On July 6, 2010, plaintiff filed this 42 U.S.C. § 1983 action against Cape Girardeau and Matthew Peters. On November 29, 2010, he amended his complaint to add H. Morley Swingle, the prosecuting attorney for Cape Girardeau County, as a defendant. Plaintiff seeks nominal and punitive damages, injunctive relief, and declarations that the state flag desecration statute, § 578.095, and Cape Girardeau's substantively identical ordinance, § 17-5, violate the First Amendment's protection of free speech. On December 6, 2010, defendants Cape Girardeau and Peters filed an answer to the amended complaint.[2] They deny plaintiff's allegations that § 578.095 and Ordinance § 17-5 are unconstitutional and ask the Court to declare that they are constitutional. Plaintiff asserts that defendants' denial of his constitutional claims causes him to fear that he might be arrested if he again engages in expressive activity protected by the First Amendment. He seeks an order prohibiting defendants from

---

17-5. Defendant Peters did not specify whether he sought the warrant under the state law or the municipal ordinance.

[2]Defendant Swingle filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P. That motion has not yet been briefed.

enforcing § 578.095 and Ordinance § 17-5 against him during the pendency of the case.

## II. Discussion

A court considering a motion for preliminary injunction must consider (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on the other party; (3) the probability of the movant succeeding on the merits; and (4) the public interest. Phelps-Roper v. Nixon, 545 F.3d 685, 689-90 (8th Cir. 2008) (citing Dataphase Sys. Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir.1981) (en banc)). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113.

Desecration of the United States flag can be an expressive activity protected by the First Amendment. Texas v. Johnson, 491 U.S. 397, 404-05 (1989). It is well-settled law that a "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Phelps-Roper, 545 F.3d at 690 (quoting Elrod v. Burns, 427 U.S. 347, 373 (1976)).

> If [plaintiff] can establish a sufficient likelihood of success on the merits of [his] First Amendment claim, [he] will also have established irreparable harm as the result of the deprivation. Likewise, the determination of where the public interest lies also is dependent on the determination of the likelihood of success on the merits of the First Amendment challenge because it is always in the public interest to protect constitutional rights. The balance of equities, too, generally favors the constitutionally-protected freedom of expression. In a First Amendment case, therefore, the likelihood of success on the merits is often the determining factor in whether a preliminary injunction should issue.

Id. (citations omitted).

In their opposition to plaintiff's motion for preliminary injunction,[3] defendants argue that plaintiff cannot establish the threat of irreparable harm because no prosecution is likely to occur during the pendency of this case. Indeed, defendant Swingle apparently directed that plaintiff be released after concluding that <u>Texas v. Johnson</u> invalidated the state statute that plaintiff challenges. <u>See</u> <u>Cape Giardeau Man</u>. Plaintiff appears to have filed this motion because defendants declined to concede the validity of his constitutional challenge at the first instance. The parties on both sides of the issue are entitled to an orderly court process with respect to the claims that plaintiff raises. Plaintiff has presented no basis for the Court to conclude that he faces prosecution by these defendants in violation of his First Amendment right to free expression during the pendency of his lawsuit. Thus, as a matter of law, plaintiff is not entitled to preliminary injunctive relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a preliminary injunction [Doc. #24] is **denied**.

*(signature)*
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2011.

---

[3]Defendants initially assert that plaintiff was required to seek leave to amend his pleadings before filing his motion. Since plaintiff does not seek to add a new claim for relief but merely to preserve the status quo during the pendency of the case, this argument is without merit. In addition, plaintiff sent notice to the Attorney General of the State of Missouri that he was challenging the constitutionality of a state statute and was not required to name the State of Missouri as a party before seeking injunctive relief. <u>See</u> Rule 5.1, Fed.R.Civ.P. (party challenging constitutionality of state statute must serve notice on state attorney general, who may elect to intervene).