UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FRANK L. SNIDER, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:10-CV-100 (CEJ) |
| ) | |
| CITY OF CAPE GIRARDEAU, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of the State of Missouri to intervene as to Count I of plaintiff's second amended complaint, pursuant to Rule 5.1 and Rule 24, Fed.R.Civ.P. Plaintiff Frank L. Snider, III, opposes the motion as untimely.

### I. Background

On October 23, 2009, plaintiff was arrested at his home in Cape Girardeau, Missouri (the City), on a misdemeanor charge of flag desecration, a violation of § 578.095, Mo.Rev.Stat. On July 6, 2010, he filed this 42 U.S.C. § 1983 action, naming as defendants the City and Matthew Peters, the arresting officer. He alleges that his arrest violated his First Amendment right to freedom of expression and unlawfully deprived him of his liberty. In addition to damages, plaintiff seeks a declaration that § 578.095 is unconstitutional on its face and an injunction barring its enforcement.[1] On July 7, 2010, he served notice of the action on the Missouri Attorney General. The parties filed cross-motions for summary judgment in March 2011. After reviewing the

---

[1]Plaintiff filed amended complaints on November 29, 2010, and January 26, 2011, adding H. Morley Swingle, Cape Girardeau County prosecuting attorney, as a defendant. He also added a challenge to the City's flag desecration ordinance.

parties' summary judgment motions, the State concluded that its interests are not adequately represented with respect to plaintiff's challenge to the constitutionality of § 578.095. Accordingly, on April 21, 2011, the State filed a motion to intervene in order to file a motion for summary judgment with respect to plaintiff's claim § 578.095 is unconstitutional on its face. The State has attached its proposed summary judgment motion and memorandum in support as exhibits to its motion to intervene.

II. Discussion

Rule 5.1, Fed.R.Civ.P., requires "a party that files a pleading . . . drawing into question the constitutionality of a . . . state statute" to file a notice stating the question and serve the notice and complaint on the state attorney general. Rule 5.1(a). The Court must, under 28 U.S.C. § 2403, certify to the attorney general that a statute has been questioned. Rule 5.1(b).[2] The attorney general may intervene within 60 days after the notice is filed. Rule 5.1(c). Plaintiff filed the required notice and served the attorney general.

Under Rule 24, anyone requesting to intervene must file a "timely motion" and establish that: (1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties. South Dakota *ex rel* Barnett v. U.S. Dept. of Interior, 317 F.3d 783, 785 (8th Cir. 2003). A proposed intervenor must satisfy all conditions to intervene as a matter of right. Id.

---

[2]The Court did not make the required certification. Because the Court intends to grant the State's motion to intervene, the omission is harmless. The Court does not suggest that it was proper to ignore the certification requirement, but merely notes that the purposes of the rule and statute have been served despite the Court's omission.

Plaintiff argues that the State's motion is untimely. The issue of the timeliness of a motion to intervene is a threshold issue. United States v. Ritchie Special Credit Investments, Ltd., 620 F.3d 824, 831-32 (8th Cir. 2010). Several specific factors are relevant to a determination of timeliness: (1) how far the litigation had progressed at the time of the motion for intervention, (2) the prospective intervenor's prior knowledge of the pending action, (3) the reason for the delay in seeking intervention, and (4) the likelihood of prejudice to the parties in the action. Minnesota Milk Producers Ass'n v. Glickman, 153 F.3d 632, 646 (8th Cir. 1998) (quotation and citation omitted). "Although the point to which the suit has progressed is one factor in the determination of timeliness, it is not solely dispositive. Timeliness is to be determined from all the circumstances." NAACP v. New York, 413 U.S. 345, 365-66 (1973); Mille Lacs Band of Chippewa Indians v. State of Minn., 989 F.2d 994, 998 (8th Cir. 1993).

The Court finds that resolution of the State's motion is governed by 28 U.S.C. § 2403, which provides:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

Under the plain language of the statute the Court must allow the State to intervene to argue the question of the constitutionality of § 578.095. See Peterson v. Lackabe, No. 10-CV-00059 WDM-MEH, 2010 WL 4220024, at *3 (D. Colo. Oct. 20, 2010) (§ 2403 permits the state to intervene, while Rule 5.1 permits the attorney general in his or her own name to intervene on behalf of the State).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the State of Missouri to intervene [Doc. #58] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the State of Missouri's motion for summary judgment.

**IT IS FURTHER ORDERED** that, no later than **June 24, 2011**, plaintiff shall file a response to the State of Missouri's motion for summary judgment; the reply brief shall be filed no later than **July 1, 2011**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2011.