UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FRANK L. SNIDER, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:10-CV-100 (CEJ) |
| ) | |
| CITY OF CAPE GIRARDEAU, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motions to strike a declaration and affidavits plaintiff submitted in support of his motion for summary judgment. Plaintiff has filed responses in opposition to the motions and the issues are fully briefed.

On October 20, 2009, plaintiff Frank L. Snider slashed a United States flag and threw it on the ground in front of his house in Cape Girardeau, Missouri. A neighbor called the police to complain. The responding officer, defendant Matthew Peters, issued plaintiff a citation for littering and seized the flag. Defendant Peters later completed a statement that he had probable cause to believe that plaintiff had violated Missouri's flag-desecration statute, § 578.095, Mo.Rev.Stat. On the basis of defendant Peters's statement, defendant H. Morley Swingle, prosecuting attorney for Cape Girardeau County, requested an arrest warrant. The warrant was issued and plaintiff was arrested on October 23, 2009. Upon learning that plaintiff's actions were protected under the First Amendment, defendant Swingle dismissed the charge and plaintiff was released.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, naming Peters, Swingle and the City of Cape Girardeau as defendants and alleging that defendants violated his rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.  The parties have filed cross-motions for summary judgment.

1.      **Plaintiff's Declaration**

Plaintiff submitted a 34-paragraph declaration in support of his motion for summary judgment.  [Doc. #41-1].  Although defendants move to strike the declaration in its entirety, they raise specific objections only to ¶¶ 5 through 9 and  32.  In ¶ 5, plaintiff states he "attempted to burn my United States Flag to communicate the message that although the United States holds itself out as a unified nation that treats its citizens equally and fairly, reality is different."  In the next four paragraphs, he states that the government breaks its promises in that it "makes it difficult for persons like me" to be employed or obtain benefits.  The flag is a symbol of the "promises of unity, equality, and fairness," and he believes the symbol is false.  He attacked the flag in order to convey this belief to others.  In ¶ 32, plaintiff states that since the incident he has continued to wish to express his belief that the government treats people like him unfairly.

Rule 56(c)(4), Fed.R.Civ.P., requires that affidavits used to support or oppose a motion for summary judgment be based on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated.  Defendants argue that plaintiff's beliefs are inadmissible because they are irrelevant, unnecessary to resolution of the issues, and self-serving.

In order to prevail on his First Amendment claims, plaintiff must establish that he was engaged in expressive conduct.  See Texas v. Johnson, 491 U.S. 397, 404

(1989) ("conduct may be 'sufficiently imbued with elements of communication to fall within the scope of the First and Fourteenth Amendments)) (citation omitted).  Thus, plaintiff's beliefs regarding the government, the flag, and the symbolic meaning of his actions are not irrelevant.  As for the contention that plaintiff's statements are self-serving, "[m]ost affidavits are self-serving, as is most testimony." Wilson v. McRae's, Inc., 458 F.3d 692, 694 (7th Cir. 2005).  More significantly, the challenged statements are wholly consistent with statements plaintiff made to defendant Peters at the time of the incident.[1]  See Van Deelan v. City of Kansas City, Mo., 411 F. Supp. 2d 1105, 1120 (W.D. Mo. 2006) (rule against "self serving" statements applies when party asserts facts wholly unsupported by the documentary evidence to demonstrate a genuine issue of fact for trial).  It is the Court's job to eliminate from consideration any argument, conclusions, and assertions unsupported by the documented evidence of record, Rangel v. Schmidt, 2011 WL 5570691, *4 (N.D. Ind. Nov. 16, 2011) (citations omitted), and the Court is capable of separating relevant from gratuitous assertions.  Motions to strike are usually granted only in circumstances where the contested evidence causes prejudice to the moving party.  Id.  Defendants have not identified any prejudice arising from the contents of the declaration and the motion to strike will be denied.

---

[1]According the incident report defendant Peters completed, when he arrived on the scene, he saw the flag on the road.  He picked it up and asked plaintiff, who was standing near by, why it was in the road.  Plaintiff reportedly replied that he had torn the flag up and thrown it in the road.  When defendant Peters asked plaintiff "why he would do such a thing," he replied that "he hated the United States because it was the country's fault that he could not find a job."

### 2. Affidavits

Defendants also move to strike three affidavits submitted by plaintiff. [Doc. #72-1, 2, 3]. The first is an affidavit by plaintiff's counsel, Anthony Rothert, attached to an "Information and Statement of Probable Cause" issued on July 11, 2011, in Livingston County, Missouri. The document charges one Bradley Stubbs with violating § 578.095 in that he "knowingly burned, spit and stomped upon the National Flag of the United States." Mr. Rothert states in his affidavit that the document is a true and correct copy of the document filed in the Circuit Court of Livingston County, with the exception of the personal identifiers that Mr. Rothert redacted before he filed it in this case. See E.D. Mo. L.R. 2.17A (directing redaction of personal identifiers). Defendants contend that the Information is not properly authenticated and thus the affidavit should be struck. The Information is a public record of which the Court may take judicial notice in considering the summary judgment motions.

The second and third affidavits defendants challenge are those of Rebekah A. Phelps-Davis and Elizabeth M. Phelps. Both affiants state that on June 29, 2011, they spoke with Don Melton, Assistant Chief of the Webb City, Missouri police department, regarding their plans to use flags during a demonstration scheduled to take place in Webb City on June 30, 2011.[2] Both women testify that, when they asked him whether he would enforce the Missouri flag statute, Assistant Chief Melton stated that he was directed to enforce any statute on the books. Elizabeth Phelps testifies that as a result of her conversation with Assistant Chief Melton, she determined that it would not be safe for her to participate in the demonstration. Rebekah Phelps-Davis testifies that

---

[2]According to Elizabeth Phelps, the demonstrators hold a United States of America flag upside down to express their religious views.

the demonstration was cancelled to avoid the possibility of arrest. Defendants contend that these affidavits contain inadmissible hearsay and should be excluded.

The affidavits satisfy the requirements of Rule 56(c)(4) in that they are made on personal knowledge and the affiants are competent to testify on the matters stated. Defendants' hearsay objection misses the point: the affiants could, without running afoul of hearsay rules, testify at trial that they asked Assistant Chief Melton whether he would enforce the statute against them and that they changed their behavior in light of his response. Defendants' motion to strike affidavits will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to strike plaintiff's declaration [Doc. #46] is **denied**.

**IT IS FURTHER ORDERED** that defendants' motion to strike affidavits in support of plaintiff's memorandum for summary judgment [Doc. #75] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of December, 2011.