UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FRANK L. SNIDER, III, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:10-CV-100 (CEJ) |
| CITY OF CAPE GIRARDEAU, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the cross-motions for summary judgment filed by plaintiff Frank L. Snider, III, and intervenor State of Missouri on plaintiff's claim that Missouri's flag desecration statute is unconstitutional. Plaintiff also moves for entry of a permanent injunction barring enforcement of the statute.[1]

On October 20, 2009, plaintiff chose to express his anger with the government by slashing a United States flag and throwing it to the ground. Initially, he was issued a citation for violating a Cape Girardeau city ordinance. He was later charged with violating Missouri's flag desecration statute, § 578.095, Mo.Rev.Stat. Plaintiff was arrested on October 23, 2009, and was held in jail for eight hours before the prosecuting attorney dismissed the charge.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, claiming that his rights under the First, Fourth, Fifth and Fourteenth Amendments were violated. Relevant to the present motions are plaintiff's requests for a declaration that § 578.095 is

---

[1] The plaintiff has asserted claims against defendants Matthew Peters, H. Morley Swingle, and the City of Cape Girardeau arising from the same incident. The cross-motions for summary judgment pertaining to these claims will be addressed separately.

unconstitutional on its face and for an injunction barring future enforcement of the statute.  The State was permitted to intervene to defend the constitutionality of the statute.

    I.    **Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts.  AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

    II.    **Discussion**

Missouri's flag desecration statute provides:

> 1. Any person who purposefully and publicly mutilates, defaces, defiles, tramples upon or otherwise desecrates the national flag of the United States or the state flag of the state of Missouri is guilty of the crime of flag desecration.
>
> 2. National flag desecration is a class A misdemeanor.

§ 578.095 Mo.Rev.Stat.

Plaintiff contends that § 578.095 is unconstitutional on its face because it is a content-based restriction on speech that is not related to furthering a compelling government interest, it is substantially overbroad, and it is unconstitutionally vague. The State argues that any constitutional defect in the statute can be addressed by a "narrowing construction" that would criminalize only non-expressive conduct.

### The Statute Implicates the First Amendment

The First Amendment generally prevents government from proscribing speech and expressive conduct because of disapproval of the ideas expressed. R.A.V. v. City of St. Paul, Minn. 505 U.S. 377, 382 (1992) (citing Cantwell v. Connecticut, 310 U.S. 296, 309-311 (1940), and Texas v. Johnson, 491 U.S. 397, 406 (1989)). Accordingly, content-based regulations such as § 578.095 are "presumptively invalid." Id. In determining whether specific conduct is "expressive," the courts examine whether "an intent to convey a particularized message was present and whether the likelihood was great that the message would be understood by those who viewed it." Johnson, 491 U.S. at 404 (citations and alterations omitted).

Conduct directed toward the United States flag has been recognized as "'sufficiently imbued with elements of communication' to implicate the First Amendment." Id. at 406 (quoting Spence v. Washington, 418 U.S. 405, 409-11 (1974)); see also Eichman v. Haggerty, 496 U.S. 310, 315 (1990) (government

concedes, "as it must," that the acts of flag burning at issue were expressive conduct); Dunn v. Carroll, 40 F.3d 287, 291-92 (8th Cir. 1994) (wearing of flag patch on uniform in defiance of policy banning such constituted speech).  The State does not contest either that plaintiff was engaged in expressive conduct or that the statute criminalizes expressive conduct.

"A law *directed at* the communicative nature of conduct must, like a law directed at speech itself, be justified by the substantial showing of need that the First Amendment requires."  Johnson, 491 U.S. at 406 (emphasis in original; citation omitted).  In other words, the statute must be subjected to "the most exacting scrutiny."  Eichman, 496 U.S. at 318; see also Brown v. Entertainment Merchants Ass'n, 131 S. Ct. 2729, 2738 (2011) (act restricting children's access to violent video games must pass strict scrutiny); United States v. Playboy Entertainment Group, Inc., 529 U.S. 803, 813 (2000) (content-based regulation of speech must survive strict scrutiny).  Thus, the State must show that the statute "is necessary to serve a compelling state interest and that it is narrowly drawn to achieve that end."  Boos v. Barry, 485 U.S. 312, 321 (1988).  The State must specifically identify "an actual problem" that needs to be solved and the curtailment of expression must be actually necessary to the solution.  Entertainment Merchants, 131 S. Ct. at 2738.  Here, the State does not, and likely could not, articulate an interest that would justify restricting expression.[2]  See Johnson, 491 U.S. 413-14 (state's interest in preserving flag as

---

[2]The State asserts that the statute, when limited to apply solely to nonexpressive conduct, preserves its interest in "preserving the American flag's status as a symbol that can further public discourse."  The State argues that nonexpressive misuse of a flag "tends to weaken the public's perception of the flag as something with symbolic content because such treatment fails to treat the flag as a symbol of *something*." [Doc. 80 at 2-3].  It is not so obvious to the Court that this claimed interest is distinguishable from that proffered by the government, and rejected by the

-4-

symbol of national unity does not survive strict scrutiny); Eichman, 496 U.S. at 316-17 (government's claimed interest in preserving flag's physical integrity actually an interest in preserving flag's symbolic value).

In the present case, the State implicitly concedes that the statute improperly regulates expressive conduct. Rather than declare that § 578.095 is unconstitutional, however, the State urges the Court to subject it to a "limiting construction" by construing the statute to apply solely to nonexpressive conduct. This argument is addressed below.

### Plaintiff's Overbreadth Challenge

The "overbreadth doctrine" provides that "a statute is facially invalid if it prohibits a substantial amount of protected speech." Broadrick v. Oklahoma, 413 U.S. 601, 615 (1973)). The courts have "provided this expansive remedy out of concern that the threat of enforcement of an overbroad law may deter or "chill" constitutionally protected speech -- especially when the overbroad statute imposes criminal sanctions." Virginia v. Hicks, 539 U.S. 113, 119 (2003). The First Amendment overbreadth doctrine seeks to strike a balance between, on the one hand, deterring people from engaging in constitutionally protected speech and, on the other, invalidating a law that is constitutionally applicable to some conduct, especially "a law directed at conduct so antisocial that has been made criminal." United States v. Williams, 553 U.S. 285, 292 (2008) (addressing First Amendment challenge to child pornography criminal statute).

---

Supreme Court, in defense of the Flag Protection Act. Eichman, 496 U.S. at 315-16 ("Although the Flag Protection Act contains no explicit content-based limitation on the scope of prohibited conduct, it is nevertheless clear that the Government's asserted interest is related to the suppression of free expression and concerned with the content of such expression. The Government's interest in protecting the physical integrity of a privately owned flag rests upon a perceived need to preserve the flag's status as a symbol of our Nation and certain national ideals.") (quotation and citations omitted).

Where conduct and not merely speech is involved, the overbreadth of a statute must be real and substantial.  Broadrick, 413 U.S. at 615.

Plaintiff must show that the Missouri flag desecration statute is so broad that it may inhibit the constitutionally protected speech of third parties.  New York State Club Ass'n v. City of New York, 487 U.S. 1, 11 (1988).  That is, he must show that § 578.095 "punishes a 'substantial' amount of protected free speech, 'judged in relation to the statute's plainly legitimate sweep.'"  Hicks, 539 U.S. at 118-19, (quoting Broadrick, 413 U.S. at 615 ).  The "overbreadth claimant bears the burden of demonstrating, 'from the text of the law and actual fact,' that substantial overbreadth exists."  Id. at 122 (quoting New York State State Club Ass'n, 487 U.S. at 14) (alteration omitted).  Such a demonstration suffices to invalidate all enforcement of that law, "until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression."  Id. at 119.

The overbreadth analysis has three steps.  Powell's Books, Inc. v. Kroger, 622 F.3d 1202, 1208 (9th Cir. 2010).  The first step is to construe the challenged statute -- "it is impossible to determine whether a statute reaches too far without first knowing what the statute covers."  Williams, 553 U.S. at 293; see also United States v. Stevens, 130 S. Ct. 1577, 1587-88 (2010) (construing terms of federal statute banning depiction of animal cruelty).  Second, the court examines whether the statute criminalizes a "substantial amount" of expressive activity.  Williams, 553 U.S. at 297.  Finally, the court asks whether the statute is "readily susceptible" to a limiting construction that would render it constitutional.  Virginia v. American Booksellers Ass'n, Inc., 484 U.S. 383, 397 (1988) (internal quotation marks omitted); United Food and

Commercial Workers Int'l Union, AFL-CIO, CLC v. IBP, Inc. 857 F.2d 422, 431 (8th Cir. 1988) (facial overbreadth has not been invoked when limiting construction can be placed on challenged statute).

### 1.  Construction of the statute

Section 578.095 bans conduct that is "purposeful," rather than accidental, and is done "publicly."  These terms in combination indicate that the statute's target is conduct undertaken with the purpose of conveying a public statement.  See Eichman, 496 U.S. at 316 (government's interest in preserving flag as symbol for certain ideals is not implicated by "secret destruction of a flag in one's own basement").  More specifically, the statute targets conduct that is critical of the national ideals conveyed by the flag:  the proscribed actions -- mutilation, defacement, defilement, trampling, and desecration -- all convey that the acted-upon object -- the flag -- has been devalued.  See id. at 317 (the words "defaces," "defiles," etc. "unmistakably connote[] disrespectful treatment).  For example, to "mutilate" is "to injure, disfigure, or make imperfect by removing or irreparably damaging parts." Random House College Dict. 880 (1st ed. rev. 1980).  Similarly, to "defile" is "to make dirty, . . . physically soil, . . . figuratively tarnish, . . . dishonor, . . . make ceremonially unclean, . . .desecrate, . . . morally corrupt (someone), [or] debauch (a person), [or]  deprive (a person) of chastity."  Black's Law Dictionary 487 (9th ed. 2009).  These words convey more than negligent misuse of the flag.

### 2.  Criminalization of expressive activity

Plaintiff must show that the statute "punishes a 'substantial' amount of protected free speech, 'judged in relation to the statute's plainly legitimate sweep.'" Hicks, 539 U.S. at 118-19.  Plaintiff has met his burden:  evidence in the record

-7-

documents other instances in which § 578.095 was applied to protected speech.  In Shirley L. Phelps-Roper v. Daniel Bullock, No. 4:10-CV-1125 (JCH), the court entered a temporary restraining order barring the Sheriff of St. Francois County, Missouri, from enforcing the statute against a member of the Westboro Baptist Church planning to display a flag during a protest.[3]  Rebekah Phelps-Davis and Elizabeth Phelps, also members of the Westboro church, testify by affidavit that they canceled a demonstration in Webb City, Missouri, after a police official was unwilling to guarantee that the statute would not be enforced against them.  [Docs. 72-2 and 72-3].  And, on July 11, 2011, Bradley Stubbs was charged in Livingston County, Missouri, with violating § 578.095 "by yelling 'fuck America and fuck the American flag' while burning and stomping the National Flag of the United States."  [Doc. 72-1].[4]

The State argues that the statute can be legitimately applied to nonexpressive conduct.  Thus, the State argues, the statute should be preserved to prosecute those who blow their noses in a flag because no tissues are handy, or use the flag as a doormat because its fabric is absorbent, or display a tattered flag.  However, there is no evidence in the record that the statute has ever been applied to such nonexpressive conduct.  At the second step of the analysis, the Court concludes that the statute reaches a substantial amount of expressive conduct judged in relation to its plainly legitimate sweep.

---

[3]Members of the Westboro Baptist Church hold frequent protests in Missouri. Their protests often include a flag held upside down or marked with red paint to connote blood to express their opinions.

[4]The evidence submitted in this case distinguishes it from Roe v. Mulligan, 479 F. Supp. 2d 995, 1007 (S.D. Iowa 2007), where the district court concluded that the Iowa flag desecration and misuse statutes were not overbroad, in part, because plaintiffs did not make a showing that there was a realistic danger that protected conduct would be substantially chilled.

### 3. Limiting construction

The Court considers whether the statute can be brought within the bounds of the constitution through a narrowing construction. United Food, 857 F.2d at 431 ("[A] state statute should be deemed facially invalid only if . . . it is not readily subject to a narrowing construction by the state courts") (citing Erznoznik v. City of Jacksonville, 422 U.S. 205, 216 (1975)). The State proposes that the statute be limited to extend only to nonexpressive conduct. As an example of such a limitation, the State points to the City of St. Louis ordinance, § 15.22.010, which makes it illegal for anyone to, *inter alia*, "publicly mutilate, deface, burn or trample upon" the flag. The St. Louis Metropolitan Police Department "charge code" for this ordinance defines the prohibited conduct as "public mutilation, defacing, burning, or trampling," or public display of a defaced flag. The charge code appends to the language of the ordinance the following statement: "NOTE: Charge may not be used when person legitimately exercising right of free speech."

Federal courts are generally without authority to construe or narrow state statutes. United Food, 857 F.2d at 431 (citing Boos v. Barry, 485 U.S. 312, 330 (1988); Grayned v. City of Rockford, 408 U.S. 104, 110 (1972); Gooding v. Wilson, 405 U.S. 518, 520 (1972)). "Federal courts do not sit as a super state legislature, [and] may not impose [their] own narrowing construction . . . if the state courts have not already done so." Id. (quoting Hill v. City of Houston, 789 F.2d 1103, 1112 (5th Cir. 1986)) (alterations in original; internal quotations omitted). No state court has construed § 578.095; thus, this Court is barred from accepting the State's invitation to limit the statute's application to nonexpressive conduct.

Foreseeing this eventuality, the State proposes that the Court certify the question of § 578.095's constitutionality to the Missouri Supreme Court. That avenue is foreclosed as well: the Missouri Supreme Court does not have jurisdiction to render opinions on questions of law certified by federal courts. Grantham v. Missouri Dept. of Corr., 1990 WL 602159 (Mo. July 13, 1990); see also Glosemeyer v. United States, 45 Fed. Cl. 771, 780 n.19 (Ct. Cl. 2000) (noting that Missouri does not have process by which federal courts can certify question to state supreme court); Doe v. Nixon, No. 4:08CV1518 CEJ, 2009 WL 2597925 (E.D. Mo. Sept. 10, 2009) (declining to certify question regarding state's "Halloween statute"). In addition, there is no guarantee that the Missouri Supreme Court would deem it appropriate to rescue § 578.095 by construction. "The courts cannot transcend the limits of their constitutional powers and engage in judicial legislation supplying omissions and remedying defects in matters delegated to a coordinate branch of our tripartite government." Board of Educ. of City of St. Louis v. State of Missouri, 47 S.W.3d 366, 371 (Mo. 2001) (finding terms of statute of "such uncertain and contradictory meaning" as to obscure legislative intent and declaring statute void for vagueness). Finally, plaintiff makes a persuasive case that, even if the question could be certified to the Missouri Supreme Court, no limiting construction can be crafted that would be consistent with any plausible understanding of the legislature's intent in enacting § 578.095.

In summary, the Court concludes that plaintiff has demonstrated, "from the text of the law and from actual fact," see Hicks, 539 U.S. at 122 (quoting New York State Club Ass'n, 487 U.S. at 14), that § 578.095 criminalizes a substantial amount of protected expressive conduct and that the Court does not have the authority to limit

its reach to nonexpressive conduct. Thus, plaintiff is entitled to summary judgment on his claim that § 578.095 is overbroad.

### Plaintiff's Vagueness Challenge

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983) (citing Village of Hoffman Estates v. Flipside, 455 U.S. 489 (1982); Smith v. Goguen, 415 U.S. 566 (1974); Grayned, 408 U.S. 104 (1972); Papachristou v. City of Jacksonville, 405 U.S. 156 (1972); and Connally v. General Construction Co., 269 U.S. 385 (1926)).

"Flag contempt statutes have been characterized as void for lack of notice on the theory that what is contemptuous to one man may be a work of art to another." Goguen, 415 U.S. 566, 573 (1974) (addressing a Massachusetts statute that criminalized treating the flag "contemptuously") (citation and internal alterations omitted). The phrase "treats contemptuously" fails "to draw reasonably clear lines between the kinds of nonceremonial treatment [of the flag] that are criminal and those that are not." Id. at 574. The Wisconsin Court of Appeals similarly found that a prohibition on "casting contempt" on the flag was "so vague as to set no standard by which an individual's conduct may be measured." State v. Janssen, 570 S.W.2d 746, 750 (Wis. Ct. App. 1997). The Iowa flag misuse statute prohibited "show[ing] disrespect" for the flag. The United States District Court for the Southern District of Iowa concluded that the term was subjective. Similarly, the phrases "flag"[5] and "with

---

[5]The Iowa statutes defined the words "flag, standard, color, ensign, shield, or other insignia of the United States" as "any flag, standard, color, ensign, shield, or other insignia of the United States, or any picture or representation of any of them,

the intent or reasonable expectation that such use will provoke or encourage another to commit a public offense" were unconstitutionally vague.  Roe v. Milligan, 479 F. Supp. 2d 995, 1101 (S.D. Iowa 2007).

The Missouri flag desecration statute bars specific, well-defined actions and avoids the ambiguity of phrases such as "cast contempt" or "show disrespect."  The statute also specifically identifies the two flags to which the statute applies – the national flag of the United States and the state flag of Missouri.  The Court concludes that the statute, as written, is not void for vagueness.  Paradoxically, the State's proposed limitation of the statute to apply only to nonexpressive activity might introduce vagueness by failing to give law enforcement authorities sufficient guidance regarding the distinction between expressive and nonexpressive uses.

### III.  Conclusion

In summary, plaintiff has established that: (1) § 578.095 regulates expressive conduct and thus implicates the First Amendment; (2) § 578.095 is overbroad in that it punishes a substantial amount of protected free speech judged in relation to its legitimate sweep; (3) and the Court cannot apply a limiting construction that would bring render the statute constitutional.  The Court declines to find that the statute is void for vagueness.  Plaintiff is entitled to a declaratory judgment that the statute is unconstitutional.  The plaintiff is also entitled to a permanent injunction enjoining enforcement of the statute.

Accordingly,

---

made of any substance or represented on any substance, and of any size, evidently purporting to be any such flag, standard, color, insignia, shield, or other insignia of the United States of America, or a picture or a representation of any of them."  Iowa Code § 718A.3.

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment [Doc. #40] is **granted** with respect to Count I.

**IT IS FURTHER ORDERED** that plaintiff's motion for a permanent injunction [Doc. #73] is **granted**.

**IT IS FURTHER ORDERED** that the motion of intervenor State of Missouri for summary judgment [Doc. #62] is **denied**.

A judgment consistent with this Memorandum and Order will be entered upon the disposition of all claims.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2012.