UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FRANK L. SNIDER, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:10-CV-100 (CEJ) |
| ) | |
| CITY OF CAPE GIRARDEAU, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

This matter is before the Court following a bench trial on the sole issue of plaintiff's claim for damages against defendant Matthew Peters. After considering the evidence presented and the parties' stipulation of facts, the Court makes the following findings of fact and conclusions of law as required by Rule 52(a) of the Federal Rules of Civil Procedure:

**I. Findings of Fact**

On October 23, 2009, at around at 10:45 a.m., plaintiff was arrested by defendant Peters for violating Mo. Rev. Stat. § 578.095, the Missouri statute prohibiting desecration of the United States flag. The arrest was pursuant to a warrant and occurred at plaintiff's home in Cape Girardeau, Missouri. Initially, plaintiff was transported to the Cape Girardeau City jail for processing. The jail records indicate that plaintiff was booked at 10:55 a.m. Later the same day, plaintiff was taken to the Cape Girardeau County jail in Jackson, Missouri. Plaintiff was released from the county jail at 5:25 p.m. on October 23, 2009. Plaintiff's wife testified that she learned of plaintiff's release at 6:00 p.m., but she delayed picking him up until 7:00 p.m.

Shalonda Snider, plaintiff's wife, testified that, during the arrest, Peters stated that plaintiff would have to leave the country after he got out of jail.  Peters testified that he did not make this statement.  Ms. Snider also testified that Peters stated that he had "pushed" for the arrest warrant.  This statement was accurate, as Peters was the officer who submitted the probable cause statement that led the Cape Girardeau County prosecuting attorney to obtain the arrest warrant.[1]

Peters' first encounter with plaintiff was on October 20, 2009, the date on which he issued a citation to plaintiff for littering.  Peters did not know plaintiff prior to that date and bore no animosity toward him.

At the time Peters submitted his probable cause statement, he believed that desecration of the United States flag was a crime.  Peters did not receive any training with respect to the First Amendment while he was in the police academy and he has not received any such training since then.  Peters testified that he now knows that Mo. Rev. Stat. § 578.095 is unconstitutional and that flag desecration is protected by the First Amendment.

Peters does not have assets sufficient to satisfy an award of punitive damages.

II.    Conclusions of Law

The Court previously determined that Peters' arrest of the plaintiff violated the Fourth Amendment's prohibition against unreasonable seizure.  Plaintiff seeks to recover compensatory and punitive damages for the violation.

Nominal, compensatory, and punitive damages may be awarded in an action brought pursuant to 42 U.S.C. § 1983 for violation of a plaintiff's constitutional rights. Carey v. Piphus, 435 U.S. 247 (1978).  Because Peters' violation of plaintiff's rights

---

[1]In his pretrial brief, plaintiff alleges that Peters commented that if he had known plaintiff's birthday was on October 24, he would have delayed the arrest to that date.  There was no testimony about this at trial.

under the Fourth Amendment has been established, it is without question that plaintiff is entitled to at least nominal damages.  What is in dispute is whether plaintiff is entitled to recover compensatory and/or punitive damages.

### Compensatory Damages

In cases where substantial compensatory damages have been awarded for civil rights violations, there is typically  evidence of some physical injury or mental distress resulting from the violation of the plaintiff's rights.  For example, in Young v. City of Little Rock, 249 F.3d 730, 736 (8th Cir. 2001), the jury returned a verdict totaling $100,000 to a plaintiff who was falsely arrested, held in custody for three hours, and strip-searched.  On appeal, the Eighth Circuit found that the award was not excessive in light of the fact that the defendant city unjustifiably delayed releasing plaintiff despite a court order directing it to do so and plaintiff presented evidence of psychological injury.  Similarly, in Bender v. City of New York, 78 F.3d 787, 792 (2nd Cir. 1996), the plaintiff suffered emotional distress after being struck in the mouth by a police officer, wrongfully held in custody for 29½ hours, and having criminal charges pending against her for six months.  The court of appeals found the jury award of $300,000 excessive and remanded the case for a new trial unless the plaintiff agreed to remit $150,000.  In Hayes v. Faulkner County, Ark., 285 F. Supp.2d 1132, 1145 (E.D. Ark. 2003), the plaintiff suffered public humiliation, loss of employment, and mental and physical injuries as a result of an unlawful detention.  The district court's award of $50,000 as compensatory damages was affirmed on appeal.  Hayes v. Faulkner County, Ark., 388 F.3d, 669, 676 (8th Cir. 2004).

In the instant case, there is no evidence that the plaintiff sustained any physical injury, mental distress, humiliation, financial loss, or other adverse effects resulting from the arrest.  However, even when such evidence is absent, some amount of

compensatory damages may still be awarded for a deprivation of liberty. See Kernan v. City of New York, 374 F.3d 93, 125-26 (2d Cir. 2004)("The damages recoverable for loss of liberty for the period spent in a wrongful confinement are separable from damages recoverable for such injuries as physical, harm, embarrassment, or emotional suffering; even absent such other injuries . . . an award of several thousand dollars may be appropriate simply for several hours' loss of liberty." (citations omitted)).  In such cases, damages are inferred or presumed to result simply from the deprivation itself.  Id. at 130 ("[T]he theory that is pertinent here [is] the traditionally permissible concept of 'presumed damages.'").  Thus, in Kernan, the court held that the failure "to give the jury any indication that it could consider awarding compensatory damages for an injury that was inherent in a confinement found to be unlawful was a fundamental error."  Id. at 132.

In at least two cases cited in Kernan where compensatory damages were "presumed," the courts considered the duration of the deprivation of liberty.  In Hallenbeck v. City of Albany, 472 N.Y.S.2d 187 (N.Y. App. 1984), a jury verdict of $25,000 in a false arrest case was found to be excessive.  Noting that the plaintiff had been held in custody for only three hours and that he incurred no physical or mental injury, the appellate court reduced the award to $10,000. Id. at 189.  Similarly, in Woodard v. City of Albany, 439 N.Y.S.2d 701 (N.Y. App. 1981), state appellate court found a jury award of $16,000 to be excessive, in light of the five-hour duration of plaintiff's jail confinement and the absence of any physical or mental injury, and recommended a remittitur to $7,500.  Id. at 702.

Guided by the decision in Kernan, the Court concludes that plaintiff is entitled to an award of compensatory damages for the deprivation of his liberty resulting from Peters' actions.  Taking into account the length of plaintiff's detention---approximately

seven hours---the Court believes that an award of $7,000 is reasonable and appropriate.

### Punitive Damages

To be entitled to an award of punitive damages, the plaintiff must prove that the defendant's conduct was "motivated by evil motive or intent, or . . . involve[d] reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). "Punitive damages punish a defendant for outrageous, intentional, or malicious conduct, and deter similar extreme conduct in the future. It is a question of fact whether a defendant's conduct was motivated by an evil motive or involves reckless indifference to the federally protected rights of others." Schaub v. VonWald, 638 F.3d 905, 922-23 (8th Cir. 2011) (footnote and citation omitted).

The evidence here establishes that Peters' arrest of the plaintiff was based on his belief that plaintiff had violated the Missouri statute prohibiting flag desecration. The fact that Peters failed to know that the statute was unconstitutional does not establish that his actions were motivated by evil motive or intent or that he was recklessly or callously indifferent to the plaintiff's rights. Plaintiff points to statements Peters allegedly made at the time of the arrest (*i.e.*, that plaintiff would have to leave the country and that Peters had "pushed" for an arrest warrant) as evidence of evil motive. However, the Court believes these statements, at best, reflect Peters' misplaced zeal in enforcing the law. They do not in the Court's view rise to the level of evil motive required for an award of punitive damages. Also, because the Court has already entered a permanent injunction barring enforcement of the flag desecration statute, an award of punitive damages is unnecessary to deter Peters and other law enforcement officers from making future arrests for violation of the statute.

The Court concludes that plaintiff is not entitled to an award of punitive damages.

\* \* \* \* \*

The plaintiff will be awarded compensatory damages in the sum of $7,000.00 on his claim against defendant Peters. An appropriate judgment will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2012.