UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FRANK L. SNIDER, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:10-CV-100 (CEJ) |
| ) | |
| CITY OF CAPE GIRARDEAU, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to alter or amend judgment pursuant to Rule 59(e), Fed.R.Civ.P. Defendant City of Cape Girardeau, Missouri, and intervenor State of Missouri have filed responses and the issues are fully briefed.

### I.  Background

Plaintiff Frank L. Snider, III, slashed a United States flag in front of his home in Cape Girardeau, Missouri, and was charged with violating Missouri's flag desecration statute, § 578.095, Mo. Rev. Stat. He filed suit pursuant to 42 U.S.C. § 1983, against the City of Cape Girardeau, H. Morley Swingle, the prosecutor for Cape Girardeau County, and Matthew Peters, a city police officer. Plaintiff sought damages for alleged violations of his constitutional rights, a declaration that the state statute was unconstitutional, and a permanent injunction barring its enforcement.[1] The State of Missouri intervened and filed a motion for summary judgment arguing that the statute was not unconstitutional. Plaintiff subsequently filed a motion for permanent injunction against enforcement of the state statute.

---

[1] Plaintiff also sought declaratory and injunctive relief with respect to a City ordinance that proscribed flag desecration. However, the City repealed the ordinance and the Court denied the request for declaratory and injunctive relief as moot.

In a series of orders, the Court: (1) granted plaintiff summary judgment on his claim that § 578.095 was unconstitutional on its face; (2) entered a permanent injunction barring the statute's future enforcement; (3) dismissed plaintiff's claims against H. Morley Swingle; (4) granted summary judgment in favor of the City on plaintiff's claims; and (5) granted summary judgment against defendant Peters on plaintiff's claims.

The Court held a bench trial on the sole issue of damages against defendant Peters. On December 14, 2012, the Court entered final judgment in favor of plaintiff and against Peters in the amount of $7,000.00 and entered summary judgment in favor of the City and against plaintiff. On January 11, 2013, plaintiff filed the instant motion to alter or amend the judgment to include judgment on his claim that § 578.095 is unconstitutional and to find the City jointly liable with defendant Peters for the violation of plaintiff's constitutional rights.

II.  Discussion

Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996) (citing White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445 (1982)). Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation and citations omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. Id.

On March 20, 2012, the Court granted plaintiff's motion for summary judgment for declaratory judgment that § 578.095, Mo.Rev.Stat., was unconstitutional on its face. Although the Court noted that judgment would be entered on this claim upon disposition of all claims, this claim was omitted from the final judgment. The judgment will be amended to reflect that plaintiff prevailed on this claim. To the extent that plaintiff also requests alteration of the judgment to reflect the entry of permanent injunction, that request is redundant and will be denied.

On March 21, 2012, the Court granted summary judgment to the City on plaintiff's claims that his constitutional rights were violated as the result of a policy or deliberate indifference. In the present motion, plaintiff argues that the evidence establishes that the City failed to provide defendant Peters with training about the First Amendment. He also argues that the City should be liable for plaintiff's wrongful arrest because its unconstitutional ordinance banning flag desecration was still in force when Peters arrested plaintiff. The Court rejected these arguments when raised in plaintiff's summary judgment motion and will not reconsider them in the context of a Rule 59(e) motion. Plaintiff argues that "new evidence" supports his request to alter judgment – at the trial on damages, defendant Peters testified that he received no training on the First Amendment. Plaintiff argues that this testimony, in conjunction with the ordinance is sufficient to establish municipal liability on the totality of the circumstances. Defendant Peters's testimony with respect to his training does not constitute new evidence that was not previously available to plaintiff and plaintiff has not established that he is entitled to the relief he seeks against the City.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to alter judgment [Doc. #132] is **granted** with respect to the entry of judgment on Count I of the second amended complaint.  The motion is **denied** in all other respects.

An amended judgment will be separately entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2013.